In the Matter of the Estate of MARY J. F. S. SWEENEY, Deceased. FRANK J. HONE and Others, as Executors, etc., of SIMON V. FITZSIMONS, Deceased, Appellants; INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Respondent, and Others.

Fourth Department, January 7, 1931.

*Bowman & Van Schaick* [*George S. Van Schaick* and *Howard M. Woods* of counsel], for the appellants.

*Bailey, Ryan & Agan* [*Edward M. Brown* of counsel], for the respondent Indemnity Insurance Company of North America.

CROSBY, J.   On March 1, 1928, the surrogate made a decree herein judicially settling the accounts of the executor of Mary J. F. S. Sweeney, deceased, and making distribution of the assets of the estate by directing the executor to pay over to divers persons various sums of money.   These appellants, as executors of a deceased legatee, were among the distributees.   The executor did not make distribution as directed, and efforts to punish him for contempt failed for the reason that he could not be found by the sheriff.   Appellants procured a transcript of that part of the decree of interest to them to be issued by the surrogate, and filed it in the county clerk's office, pursuant to section 81 of Surrogate's Court Act, and procured an execution to be issued, pursuant to section 83 of said act.   The execution was returned wholly unsatisfied.

The foregoing proceedings entitled appellants to maintain an action in their own names to recover from the executor's surety the amount of appellants' distributive share, in the payment of which the executor had defaulted.   (Surr. Ct. Act, § 113.)   Appellants did not sue, but made a demand upon the surety, and the latter came into Surrogate's Court with the amount of money

conditioned to be paid by its bond and petitioned that all the distributees under the terms of the decree of March 1, 1928, be cited into court so that their respective claims and rights might be determined, to the end that the surety might pay the entire amount of the bond and be rid of claims from any source. The issue in Surrogate's Court arose from the fact that the $15,000 represented by the bond was not sufficient to pay all the distributees in full, and appellants claimed a preference, due to their being the only distributees (excepting one who had been satisfied in another way, not of interest here) who had filed the transcript and procured execution to be issued and returned unsatisfied. This appeal is from the surrogate's decree of July 28, 1930, denying appellants' claim of preference and making *pro rata* distribution of the $15,000 among all the distributees as their interests were determined by the decree of March 1, 1928.

There are three sections of the Surrogate's Court Act that deal with the subject of recovering money from a surety whose principal has wasted the funds of an estate. Section 114 provides that the successor of a defaulting executor, administrator, trustee, etc., may maintain an action against his predecessor's surety, and that the recovery shall become a part of the estate. Section 115 provides that where no successor to a defaulting executor, administrator, trustee, etc., has been appointed, any person aggrieved may sue the surety, after securing the surrogate's consent to do so, and that the recovery shall be paid into Surrogate's Court to await the appointment of a successor who, when appointed, shall receive the amount recovered for the benefit of the estate and the distributees interested therein.

It is noticeable that in the situations arising under each of the sections 114 and 115 the recovery from the surety of a defaulting representative is for the benefit of the estate. Appellants argue that because section 113 does not provide that the recovery thereunder is for the benefit of the estate, it was intended thereby to give a preference to the vigilant distributee who first files his transcript, procures execution to be issued and returned unsatisfied and prosecutes his action against the surety. They argue that he is entitled to a preference, just as is a vigilant creditor, who (in the absence of bankruptcy) first procures judgment, execution and levy. The respondent (surety company) argues that the failure of section 113 to provide that the recovery should be for the benefit of the estate is due to a manifest oversight of the Legislature. We are unable to agree with either contention. We think that no preference to one distributee, however vigilant, over another was intended by section 113. Nor do we think the

Legislature overlooked anything in drafting that section. In the first place, an executor's bond is required and given for the benefit of the estate and all who are interested therein, not for one more than another. When there is a devastation of the funds of the estate by the executor the amount of the surety's bond is intended to take the place of the funds devastated. But there will be cases where all distributees but, say, one have been paid and satisfied, or where no distributee save, say, one has sufficient interest to move, in Surrogate's Court, for the removal of a defaulting executor and the appointment of a successor, or possibly where all distributees, save, say, one are friendly to a defaulting executor, and oppose any concerted action for the benefit of the estate. Other situations can be imagined where only one distributee has a claim, or where others, having claims, do not assert them. Section 113 is a procedural provision in aid of execution available to any one to employ in his own name and for his sole benefit. But appellants did not pursue the remedy afforded them by section 113. They submitted themselves to the jurisdiction of Surrogate's Court which has nothing to do with section 113, and whose only duty it is to see that the funds of the estate, or the proceeds of a bond that take the place of devastated funds, are distributed in accordance with the terms of the will as construed by the courts. Appellants might have brought their action in their own name and for their own benefit under section 113. Under our present liberal rules of practice they would perhaps have been met by a motion by defendant to bring in all other parties having, or who might have, an interest. Or, if the surety had already paid the amount of its bond into Surrogate's Court, it would perhaps have met appellants' suit with the defense that it had already fulfilled all the conditions of its bond by paying the amount of the bond to satisfy the very purpose for which it was given, and that it owed no further duty or obligation under the bond.

In any case the Surrogate's Court required the bond for the protection of the estate. The proceeds of the bond met the very condition for which it was given. It found its way into the void caused by the defalcation. That was the end contemplated when the bond was required by the surrogate. The Surrogate's Court had jurisdiction of the subject-matter and of all the parties in interest. Its decree should be affirmed, with costs to the respondent appearing on this appeal payable out of the estate.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Decree affirmed, with costs to the respondent Indemnity Insurance Company of North America, payable out of the estate.